RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12 / 18 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR. | DOCKET NO. 12-CV-2110; SEC. P |
| VERSUS | JUDGE DRELL |
| RICARDO MARTINEZ | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se petitioner Victor C. Fourstar, Jr., filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 3, 2012. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is presently confined at the United States Penitentiary Big Sandy in Inez, Kansas. At the time of filing, he was incarcerated in Pollock, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background and Procedural History

On October 30, 2002, in the United States District Court for the District of Montana, Petitioner was found guilty of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a). United States v. Fourstar, Criminal Action Number 4:02-cr-52 (D.Mt. Oct. 30, 2002). On February 27, 2003, Petitioner was sentenced to a term of 188 months imprisonment to be followed by supervised release for a term of five years. Petitioner appealed his conviction and sentence to the Ninth Circuit Court of Appeals. On March 29, 2004, the decision of the district court was affirmed. U.S. v. Fourstar,

Fed.Appx. 62 (9th Cir. 2004), *cert. denied*, 541 U.S. 1092 (2004).

On June 7, 2005, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. [4:02-cr-52 D.Mt. Doc.#130] The motion was denied on December 20, 2005. [Id. Doc.#131 Petitioner's request for Certificate of Appealability was denied by the Ninth Circuit Court of Appeals on July 27, 2006. [Id. Doc.#136]

On January 8, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28:2241 in the Eastern District of Texas. The Court found that Petitioner did not meet the requirements of the savings clause of 28 U.S.C. §2255(e). See Fourstar v. Outlaw, 2007 WL 2427996 (E.D.Tex. 2007). His appeal to the Fifth Circuit Court of Appeals was dismissed as frivolous. Fourstar v. Outlaw, 283 Fed.Appx. 209 (5TH Cir. 2008).

On October 29, 2009, Petitioner filed a document titled "Addendum to Anticipated Post-conviction Relief Motion, or in the Alternative to be Considered a Separate Motion and/or Notice of Fraud or Perjury Against the United States and the Defendant." [4:02-cr-52, D.Mt. Doc.#140] The motion was interpreted as a second motion under Section 2255 and was dismissed for lack of jurisdiction. Certificate of appealability was denied. On September 14, 2011, the Ninth Circuit Court of Appeals denied Petitioner's application to file a second or successive 2255 motion. [4:02-cr-52 D.Mt. Doc.#143]

## *Law and Analysis*

As in his prior 2241 petitions, Fourstar is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his conviction and sentence. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. See <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. See <u>Cox v. Warden, Fed. Detention Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 is correctly used to attack the manner in which a sentence is executed. See <u>Tolliver</u>, 211 F.3d at 877. A petition filed under §2241 that attacks errors that occurred at trial or sentencing is properly construed as a §2255 motion. <u>Id.</u> at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255.

Because Petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate, set aside or correct sentence. However, Petitioner was convicted in the United States District Court for the District of Montana, *so this court lacks jurisdiction to entertain a §2255 motion.* Furthermore, since petitioner has previously filed a motion to vacate, set aside or correct sentence, he must receive permission

from the appropriate court of appeals to file a successive or second motion to vacate sentence.

Interpreted liberally, Petitioner's petition is construed as an attempt to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that §2255 is inadequate in Petitioner's situation. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under §2255 rests squarely on the petitioner. See Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001). A prior unsuccessful §2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make §2255 inadequate or ineffective. See Tolliver, 211 F.3d at 878. The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a §2241 petition in connection with §2255's savings clause. See Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001).

In Reyes-Requena, the Fifth Circuit held that "the savings clause of §2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial,

appeal, or first §2255 motion." Id. at 904. Here, Petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of Reyes-Requena. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of §2255.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED** because the Court lacks jurisdiction to consider these claims.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.**

5

1996).

Thus done and signed at Alexandria, Louisiana, this 17th day of December, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE